S.D. Ireland Concrete Constr. Co. v. State of Vt. Dep't of Taxes, No. 925-12-10 Wncv (Crawford, J., July 1, 2011)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT | CIVIL DIVISION |
| Washington Unit | Docket No. 925-12-10 Wncv |

S.D. Ireland Concrete Construction Co., et al.
  Plaintiffs

  v.

State of Vermont Department of Taxes
  Defendant

## DECISION

The court vacated the Commissioner of Taxes' first decision denying Taxpayers' request for a refund of sales taxes because the sparse findings of fact did not support the conclusions of law and the conclusions of law were too abbreviated to support review.[1] On remand, Taxpayers and the Department agreed to submit the case to the Commissioner on the same record established for the first decision. Taxpayers now have appealed the Commissioner's second decision denying their refund request. Unfortunately, the second decision is no nearer reviewability than was the first.

Taxpayers are the contractor and subcontractors who constructed a parking garage for Fletcher Allen Health Care, Inc. as part of its Renaissance Project. Fletcher Allen, as a 501(c)(3) nonprofit corporation, is exempt from the sales tax. Ordinarily, its contractor and subcontractors would be exempt as well. In this case, however, the issue of ownership of the garage for sales tax purposes is complicated by a "synthetic lease" agreement between Fletcher Allen and CSL Leasing, Inc., a for-profit entity.

The project was put out to bid and constructed as a taxable project. Taxpayers thus paid the sales tax on the construction materials. The synthetic lease eventually was dissolved, clarifying Fletcher Allen's ownership of the garage. Fletcher Allen then sought a refund of the sales taxes paid. The Department ruled that only the vendors or the entities that actually paid the sales taxes directly could request a refund.

Taxpayers then filed the same refund request. The Department refunded the sales taxes paid after the synthetic lease was dissolved but denied the sales taxes paid while the synthetic lease was in effect because, according to it, Fletcher Allen was not then the owner of the garage.

Taxpayers appealed to the Commissioner. The basis for their refund request was clear then and has not changed since: The synthetic lease did not alter Fletcher Allen's ownership of the parking garage for sales tax purposes. It was entitled to its exemption from the sales tax but mistakenly instructed its contractor and subcontractors to pay it. Taxpayers thus are entitled to a refund for having paid the sales tax "erroneously." See 32 V.S.A. § 9781 (refunds of sales taxes

---

[1] The first appeal is docketed as 130-2-10 Wncv.

paid "erroneously, illegally or unconstitutionally").

In the first decision, the Commissioner ruled that the Taxpayers correctly paid the sales tax because Fletcher Allen treated the project as taxable; Taxpayers waived any right to a refund for erroneously paid taxes; Fletcher Allen might get the benefit of any refund to Taxpayers; and any refund to Fletcher Allen would be an unconscionable windfall. The Commissioner declined to address the issue of ownership and the effect of the synthetic lease.

In the first appeal, the court explained the shortcomings of the Commissioner's findings and conclusions in detail. (1) A determination that Taxpayers correctly paid the taxes necessitates a determination of ownership and the effect of the synthetic lease. The mere fact that Fletcher Allen treated the project as taxable for a time is not in itself dispositive because sales taxes paid erroneously within the meaning of the statute can be refunded. The Commissioner failed to address this matter. (2) A determination that Taxpayers waived a right to seek a refund has no basis in the record. A waiver is an intentional relinquishment of a known right. Nothing in the record indicates that Taxpayers knew that sales tax was not due. (3) Nothing in the record indicates that Fletcher Allen would get the benefit of a refund, assuming Taxpayers' refund request is subject to a bad faith defense. (4) Whether anyone will get a windfall is not the issue in this case. The issue is whether the sales taxes were paid erroneously. The case was remanded so that the parties could develop the record on these issues and the Commissioner could address them adequately for the court to review a final determination.

Instead, the parties introduced no new evidence, there was no hearing, and the Commissioner declined to address any of the issues described in the court's decision. With respect to the question of whether the use of the synthetic lease bars a claim of erroneous payment, the Commissioner ruled:

> The Court framed the central issue on appeal: "[D]oes FAHC's conduct in describing the parking garage as 'taxable' in the bid documents and related materials prevent its subcontractors from seeking a refund after the facts concerning the synthetic lease became known?" Reviewing the law and facts of this case, the answer to the question, as framed by the Court, cannot be easily reduced to yes or no. The taxpayers are, however, not entitled to refunds.

The Commissioner denied the refund for a new reason not previously advanced: Fletcher Allen had failed to obtain a certificate of exemption from the sales tax and Taxpayers had failed to provide copies of it to vendors prior to the sales.

The Commissioner's ruling on the exemption certificate can only be understood to mean that the lack of the certificate determines taxability with finality: a legitimately exempt entity that erroneously fails to obtain and produce the certificate is forever barred from correcting its mistake. That ruling is error. Nothing in the sales tax statutes generally, or the exemption and certificate statutes specifically, suggests that a taxpayer's error in failing to obtain a certificate lies outside the scope of a taxpayer's statutory right to seek a refund of sales taxes erroneously paid. 32 V.S.A. § 9781. Section 9781 is not so limited.

The implication – not fully expressed -- of both of the Commissioner's decisions is that (1) Fletcher Allen knew that it was not required to pay the sales taxes but paid them anyway to help conceal ownership of the parking garage from the regulators at BISHCA in bad faith during the Renaissance Project; (2) doing so bound Taxpayers to that election; and (3) the term "erroneous" in the refund statute forecloses a refund when the taxpayer voluntarily pays taxes with knowledge that they were not owed, at least as part of a scheme to deceive a third party. All of these conclusions may well be true. They have not been supported, however, by explicit findings that have a substantial basis in the record.

The Commissioner has never squarely answered the question required by the statute: Were the tax payments made in error or were they motivated by some deceitful purpose which does not qualify for a refund? This factual question is almost certainly impossible to answer if the record is limited to the documents and the attorneys' stipulations. It is likely to require an evidentiary hearing and an assessment of FAHC's motivation at the time of the transaction and of credibility today. The task has not been made easier by the passage of time and the dispersal of the executives involved in the decision. But with all respect for the Commissioner and the hearing officer, it is the question which the legislative provisions anticipate will be answered.

On this record and in the absence of clear findings of fact, the court has no alternative but to remand for a reviewable decision once again.

CONCLUSION

The decision of the Commissioner is vacated and this case is remanded to the Commissioner for a determination of (1) whether the synthetic lease altered the taxability of the sales; (2) whether the sales and use taxes were paid erroneously by the taxpayers in this case; and (3) whether waiver or a similar doctrine forecloses a refund. The parties shall be permitted to introduce new evidence in support of the Commissioner's consideration of these issues.

Dated at Montpelier, Vermont this _____ day of JULY 2011.


_____
Geoffrey W. Crawford, Presiding Judge

3